## MARINE BANKING & TRUST CO. v. FEDERAL TRUST CO. et al.

### No. 1433.

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1933.

King, Wood & Morrow and H. E. Cox, all of Houston, for appellant.

Gill, Jones & Tyler and Baker, Botts, Andrews & Wharton, and Burch Downman, all of Houston, for appellees.

GALLAGHER, Chief Justice.

The trial court rendered judgment in this case that appellant, Marine Banking & Trust Company, a corporation, take nothing by its suit against Mrs. Fannie Booty Brooks; that it recover of Federal Trust Company, administrator of the estate of R. E. Brooks, deceased, R. E. Brooks, Jr., and Enla V. Atwood, jointly and severally, the sum of $21,935.10; and that a certified copy of such judgment be transmitted to the county court for classification and payment in due course of administration upon said estate. The court found in that connection that R. E. Brooks, Jr., and Enla V. Atwood were sureties on the note on which such judgment was rendered, and ordered that no execution issue against them for the enforcement of such judgment until appellant had received from the estate of R. E. Brooks, deceased, all sums apportioned to the payment of the same in the distribution of said estate, and that execution then issue for the balance only remaining unpaid after crediting all such sums.

Appellant presents assignments of error in which it complains of the action of the court in postponing the issuance of execution on its said judgment against R. E. Brooks, Jr., and Enla V. Atwood until the estate of R. E.

Brooks, deceased, has been fully administered and all sums apportioned to appellant for the satisfaction of its demand against the same actually received and credited thereon. The issue presented was considered in cause No. 1432 on the docket of this court, 64 S.W. (2d) 409, which case bears the same title that this case does. We there held that the trial court erred in so postponing the issuance of execution against the surety therein.

The judgment of the trial court is here reformed by eliminating therefrom the provision postponing the issuance of execution against said sureties, and as so reformed, such judgment is here affirmed.